### GREEN *v.* TRUSTEES OF RICHMOND.

**Municipal Corporations—Injury from Excavation in Sidewalk—Liability.**

One who was injured by an excavation in a sidewalk may join as defendant in an action therefor, both the person who made the excavation and the town, since they were joint wrong-doers.

**Set-Off and Counterclaim—Excavation in Sidewalk—Personal Injury—Cross-Petition by City.**

In an action against a town and one who made an excavation in a sidewalk, for damages sustained by one who fell into the excavation, the city can not set up a cross-petition against its co-defendant for contribution in case judgment for damages is rendered against them.

**Damages—Compensatory Damages.**

In an action for personal injuries, compensatory damages consists of the cost of cure, loss of time, fair compensation for mental and physical suffering, and for any permanent reduction of the plaintiff's earning power.

**Damages—Instruction—Future Suffering.**

In an action for personal injury, it was held improper to instruct the jury that they should consider future pain in fixing the amount of damages, where the evidence shows that plaintiff had then recovered from the injury.

**Damages—Instruction—Prospective Damages.**

In an action for personal injuries, it was held improper in instructing the jury to call their special attention to future deprivation or loss of health, since future pain and deprivation of health are necessarily included in the permanent reduction in plaintiff's earning power, and to thus single them out, gives undue importance to them.

**Damages—Instruction—Size of Plaintiff's Family.**

In an action for compensatory damages for personal injuries, the size of the plaintiff's family or his poverty is not competent to go to the jury.

**Municipal Corporation—Excavation in Sidewalk—Personal Injury—Evidence.**

. In an action for personal injuries by falling into an excavation in a sidewalk, evidence showing that other persons fell into the excavation is inadmissible in the absence of a showing that the defendants knew of such accidents.

### APPEAL FROM MADISON CIRCUIT COURT.

### January 13, 1874.

OPINION BY JUDGE LINDSAY:

We think it clear that the parties defendant to this action can be jointly sued. Green made an excavation in the sidewalk of a town. It was his duty to use proper precautions to protect the public against the damages incident to the work he was having done. The trustees of the town are by law charged with the special duty of keeping its public passways in repair; hence they were bound to see that proper precautions were taken; and as to the general public they had no right to rely upon Green. If such precautions were not taken either by Green or the trustees, then the injuries complained of were the results of the negligence as well of the trustees as of Green, and appellee can look to all the guilty parties for redress. It is not necessary for him to enquire as to the relative rights and duties of Green and the trustees. It is sufficient that the grievance of which he complains was caused by the want of proper care upon the part of each and all of them.

The cross-petition of the trustees against Green should have been disregarded. It sets out no cause of action. It is not essential here to decide whether parties guilty of the character of wrong complained of by appellee can have contribution in case a judgment for damages is rendered against them, and one or more of

them is compelled to satisfy it. That question does not necessarily arise on this appeal. But it is manifest from an examination of the cross-petition that no judgment could be rendered on it if taken for confessed, nor would it even be proper to have an enquiry as to the amount of damages which the trustees would·be entitled to recover. The whole proceeding is hypothetical. The trustees claim nothing from Green unless Boone recovers against them, and they deny Boone's right to recover. If Boone were to dismiss his petition as to the trustees, then, upon the face of their cross-petition, they would be compelled to go out of court. In equity, such a proceeding as that herein attempted is sometimes allowed, but never at law. Nor does the interest of the parties require that such an anomalous practice shall be tolerated. Upon the trial of the issues made up by the petition and answer, the jury may find one or both of the defendants guilty. If both are found guilty and the trustees are compelled to pay the judgment, their right to look to Green, if they have any such right, will then, for the first time, become perfect; and in no event can they sue him at law until their cause of action is thus perfected.

The allegations of the petition are sufficient to authorize the recovery of punitive damages in case the proof showed willful or gross neglect upon the part of the defendants. In asking instructions, however, appellees, as we think, properly confined the issues to his rights to compensation. We see no objections to instructions Nos. 1 and 2 given at his instance, but we regard No. 3 as misleading and erroneous.

Compensatory damages, in cases of personal injury, are made up of cost of cure, loss of time, a fair compensation for mental and physical suffering, and also for any permanent reduction of the injured party's power to earn money. It was improper in the estimate to include the back bills paid by appellee in returning from Richmond to Lexington. It was also improper to tell the jury that they should consider future pain of body, as the proof showed that he had then recovered from the immediate consequences of the injury. It was also improper to call special attention to future deprivation or loss of health. Future pain of body, and deprivation of health are necessarily included in the idea of the permanent reduction of appellee's power to earn money; and the manifest tendency of singling them out is to induce the jury to attach undue importance to them, and thereby to increase the general verdict.

The size of appellant's family, and his poverty are matters that should not be considered, where mere compensation is claimed. It is only in cases of wilful injuries that such circumstances should have weight with the jury. It is unnecessary to consider the instructions asked by appellant. In the first place there are so many of them, that they should have been refused for that reason alone. Besides this, their general tendency is to mislead and to call the attention of the jury to immaterial issues.

In a case like this the whole law should be given in two or three instructions. The court erred in permitting proof of other parties falling into the excavation to go to the jury, as it was not shown that either Green or the trustees were apprised of these facts. For the reasons given, the judgment is reversed and the cause remanded for a new trial, upon principles consistent with this opinion. The judgment of the trustees against Green is reversed and the court below instructed to dismiss the cross-petition.

(Chief Justice Hardin did not sit.)

*Huston, Burnam, Chenault, for appellant.*

*Breck, Caperton, Turner & Smith, for appellee.*